PARTEE vs. DICKSON.*

Where an owner of land allowed another to have the use of it for one year for clearing it, and the latter, finding that he could not cultivate the land, let a third person have it, who cultivated it until July, when the owner of the land drove off his hands and afterwards gathered the crop by picking out the cotton:

Held, that a possessory warrant would not lie for such cotton.

January 18, 1887.

Possessory Warrant.    Before Judge LAWSON.    Morgan Superior Court.    March Term, 1886.

Reported in the decision.

CALVIN GEORGE, by brief, for plaintiff in error.

FOSTER & BUTLER, for defendant.

BLANDFORD, Justice.

Dickson sued out possessory warrant against Partee to recover possession of certain cotton.    The case was tried before the judge of the county court, and he awarded the cotton to Dickson.    The plaintiff in the proceedings made the following case: Partee let Sank Mathews have the use of certain land for one year for the clearing.    Mathews, finding that he could not cultivate the land, let Dickson have it.    Dickson cultivated the land until July, when Partee drove off Dickson's hands and afterwards gathered the crop by picking out the cotton; and it is this cotton which is the subject of the controversy.

We are quite clear that, under these facts, a possessory warrant will not lie; argument is unnecessary, demonstration not needed.    The superior court should have sustained the petition for *certiorari*, reversed the judgment of the county judge, and directed the possessory warrant to have been dismissed.

Judgment reversed.

*JACKSON, C. J., did not preside in this case, on account of providential cause.